UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDMON J. BURTON,

      Petitioner,

v.

                                   CASE NO. 6:10-cv-1041-Orl-28DAB
                                   (6:07-cr-145-Orl-28DAB)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 4) filed by Edmon J. Burton.  The Government filed a response to the section 2255 motion (Doc. No. 7) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner filed a reply to the response (Doc. No. 13).

Petitioner alleges six claims for relief.  For the following reasons, the motion is denied.

## I.   *Procedural History*

Petitioner, along with two others, was charged by indictment with conspiracy to possess with intent to distribute fifty or more grams of a mixture containing cocaine base (also known as "crack") and cocaine hydrochloride  in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C)  and 846 (count one), possession with intent to distribute a mixture of fifty or more grams of cocaine base and cocaine hydrochloride in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C) (count two), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count five) (Criminal Case No. 6:07-cr-145-Orl-28DAB, Doc. No. 1).[1]  A trial was conducted, and Petitioner was found guilty as charged. *Id.* at Doc. No. 106. The Court sentenced Petitioner to 240-month terms of imprisonment for counts one and two and to a 60-month term of imprisonment for count five with the sentences to run concurrently. *Id.* at Doc. No. 127. Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions. *Id.* at Doc. No. 141.

## II.    *Legal Standard*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged

---

[1]Criminal Case No. 6:07-cr-145-Orl-28DAB will be referred to as "Crim. Case."

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective

assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether
> some reasonable lawyer at the trial could have acted, in the circumstances,
> as defense counsel acted at trial. Courts also should at the start presume
> effectiveness and should always avoid second guessing with the benefit of
> hindsight. *Strickland* encourages reviewing courts to allow lawyers broad
> discretion to represent their clients by pursuing their own strategy. We are
> not interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those

rules and presumptions, "the cases in which habeas petitioners can properly prevail on the

ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d

384, 386 (11th Cir. 1994).

### III.   *Analysis*

#### A.   *Claim One*

Petitioner asserts that counsel rendered ineffective assistance by failing to object to

hearsay statements which violated his Sixth Amendment right to confront witnesses. (Doc.

Nos. 1 & 4.)  In support of this claim, Petitioner argues that he was implicated in the drug

conspiracy by his co-defendant, Mark Mendez ("Mendez"), who gave false statements to

law enforcement.  *Id.*  Petitioner contends that Mendez's proffered statement to law

enforcement was read at trial, and he was unable to cross-examine Mendez. (Doc. No. 1

at 10; Doc. No. 4 at 3.)  Petitioner maintains that counsel should have moved to suppress Mendez's statements and subpoenaed Mendez to testify.  (Doc. No. 1 at 10.)

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ."  U.S. Const. amend. VI.  In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that "testimonial statements" offered into evidence from witnesses who are not present to testify must be excluded if offered against the accused to establish the truth of the matter asserted.  541 U.S. at 68.  The Court determined that testimonial statements include "at a minimum . . . prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations."  *Id.*  The Court further noted that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."  *Id.*

In the instant case, Mendez was not called as a witness at Petitioner's trial. Moreover, none of the witnesses who testified at trial referenced any statements made by Mendez nor was Mendez's proffered statement to law enforcement read to the jury.  *See* Crim. Case Doc. Nos. 165 & 166. Instead, the Government's witnesses, most of whom were law enforcement agents, testified about their observations prior to the defendants' arrest and during the search of their residence.  Defense counsel, therefore, did not render deficient performance by failing to object to hearsay testimony, move to suppress Mendez's statement, or subpoena Mendez as a witness.  Likewise, Petitioner has not demonstrated that a reasonable probability exists that he would not have been found guilty if counsel had

4

taken such action.  Accordingly, claim one is denied.

### B.    Claim Two

Petitioner asserts that counsel rendered ineffective assistance by failing to subpoena witnesses to testify on his behalf. (Doc. No. 4 at 3.)  Petitioner maintains that he had several witnesses who could have testified as to the location of his residence.  (Doc. No. 1 at 11.)

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."  *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)).  Therefore, to prevail on a claim that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony.  *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984). Evidence sufficient to satisfy this requirement includes sworn affidavits from the potential witnesses stating what testimony they would have provided.  *Id.*  Absent this necessary factual showing, a petitioner's mere conclusory allegations are insufficient to warrant a finding that trial counsel was ineffective for failing to call witnesses to testify.  *Id.*

The Eleventh Circuit Court of Appeals has further explained:

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).  "The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel."  *Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) *(en banc)*.  However, when counsel fails to investigate his client's "only . . . possible defense . . . , although requested to do so by him; and fails

5

to subpoena witnesses in support of the defense, it can hardly be said that the defendant" received effective assistance of counsel. *Gomez v. Beto*, 462 F.2d 596, 597 (5th Cir. 1972).

*Rizo v. United States*, 446 F. App'x 264, 265-66 (11th Cir. 2011).

In the instant case, Petitioner has not provided any evidence to this Court identifying the purported witnesses that counsel failed to subpoena or substantiating what testimony these purported witnesses would have provided. Thus, Petitioner's conclusory allegation that there were witnesses who would have testified about the location of his residence does not support a finding of ineffective assistance of counsel.

Moreover, even assuming there were witnesses who would have testified that Petitioner did not live at the residence where he was arrested and the evidence was located, there was still sufficient evidence linking him to the offenses. A witness, who lived next door to Petitioner and his co-defendants, testified that Petitioner lived in the residence. Additionally, a bedroom in the home contained men's clothing and items in the closet, including a belt with Petitioner's nickname on it. At the time of the search, Petitioner and his co-defendants were found in another bedroom of the home containing crack cocaine, and Petitioner had crack cocaine in his pocket. Agent Greg Bowden testified that Petitioner told him that he did not live at the residence. Nevertheless, Agent Bowden investigated the addresses where Petitioner said he lived and found no evidence that Petitioner lived at those locations. Finally, at no time did Petitioner ever notify the Court that counsel refused to subpoena or call any witnesses. In sum, Petitioner has not demonstrated that counsel was deficient for failing to subpoena or call witnesses nor has he shown that

prejudice resulted from counsel's purported failure to do so. *See, e.g., Brower v. Sec'y for Dep't. of Corr.*, 137 F. App'x 260, 266, (11th Cir. 2005) (quoting *Fortenberry v. Haley*, 297 F.3d 1213, 1228 (11th Cir. 2002), for the proposition that "'the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.'"); *cf. Rizo*, 446 F. App'x 264 (remanding case to district court for evidentiary hearing on claim that counsel failed to interview or call alibi witness in light of the petitioner's affidavits and the trial transcript). Claim two, therefore, is denied.

## C.    *Claim Three*

Petitioner maintains that counsel rendered ineffective assistance by failing to investigate, prepare for trial, or hire an expert witness. (Doc. No. 1 at 12; Doc. No. 4 at 4.) In support of this claim, Petitioner argues that counsel should have investigated his background to determine that he is a drug user, not a dealer, and presented this evidence to the jury. *Id.* Petitioner also contends that such evidence should have been presented at sentencing because it would have mitigated his sentence. (Doc. No. 1 at 9, 12; Doc. No. 4 at 4.)

Petitioner has not demonstrated either deficient performance or prejudice in relation to this claim. First, Petitioner has not offered any evidence establishing that an expert witness could have testified that he was merely a drug user versus a drug dealer. One does not preclude the other. Additionally, as discussed *supra*, ample evidence was presented implicating Petitioner in the offenses. Finally, the Court sentenced Petitioner to the mandatory minimum sentences required pursuant to 21 U.S.C. § 841. *See* Crim. Case Doc.

No. 221 at 15.  Thus, Petitioner would not have received a lesser sentence had counsel presented this or any other mitigating evidence at sentencing.  Accordingly, claim three is denied pursuant to *Strickland*.

### D.   Claims Four and Six

In claim four, Petitioner alleges that counsel failed to object to application of 21 U.S.C. § 851 and a double jeopardy violation.  In support of this claim, Petitioner notes that he was "charged in state court for possession of cocaine and was sentenced to the same charge he was later convicted of in federal court." (Doc. No. 1 at 13.) Petitioner also appears to argue that counsel should have objected to application of 21 U.S.C. § 851 because the Government failed to comply with the filing requirements of the statute.  *Id.* at 14.

Similarly, in claim six of Petitioner's memorandum in support of the section 2255 motion, Petitioner contends that counsel rendered ineffective assistance by failing to object at sentencing to application of the sentencing enhancement on the basis that the enhancement applies only to crack cocaine. Petitioner maintains that the jury had to make a finding that the drugs were in fact crack cocaine, and not just cocaine base, before the sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) could be applied. (Doc. No. 1 at 15-18.)  Petitioner also argues that counsel failed to present mitigation evidence, object to errors in the Presentence Investigation Report ("PSR"), or request a lesser sentence. (Doc. No. 1 at 9.)

Petitioner's contention that his subsequent federal convictions in this case violate

his right against double jeopardy because he was convicted of possession of cocaine in the state court is without merit. "[T]he Supreme Court has held that elementally identical offenses are nevertheless different for purposes of the Double Jeopardy Clause when they are charged by separate sovereigns." *United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1360 (11th Cir. 1994) (citing *United States v. Wheeler,* 435 U.S. 313, 317 (1978); and *United States v. Lanza,* 260 U.S. 377, 382 (1922)). Therefore, counsel had no reason to object based on a double jeopardy violation because Petitioner could be convicted in both the state and federal courts for offenses emanating from the same conduct but charged under federal and state law. Furthermore, counsel did object to the use of the state conviction in the calculation of Petitioner's sentencing guideline, and the objection was sustained. *See* Crim. Case Doc. No. 221 at 7-12.

With respect to counsel's failure to object to application of 21 U.S.C. § 851, this claim is likewise without merit. Pursuant to 21 U.S.C. § 851(a)(1), before increased punishment may be imposed pursuant to 21 U.S.C. § 841(b) on the basis of a prior conviction for a felony drug offense, the Government must file an information identifying the previous conviction to be relied upon. In this case, the Government filed an information on June 15, 2008, prior to trial, identifying the prior conviction it intended to rely upon. *See* Crim. Case Doc. No. 99. Therefore, counsel had no basis to object to the sentencing enhancement because the Government complied with the provisions of 21 U.S.C. § 851. Additionally, Petitioner was asked if he objected to his prior conviction to which he responded he did not. *See* Crim. Case. Doc. No. 4-9.

Petitioner has further failed to demonstrate counsel rendered ineffective assistance by failing to object to the 21 U.S.C. § 841(b)(1)(A)(iii) enhancement on the basis that it applies only to crack cocaine. "The Eleventh Circuit has held that the guidelines definition applies to the statutory enhancements and, therefore, only crimes involving cocaine base in the form of crack will trigger the section 841 enhancements." *Burnett v. United States*, No. 8:01-cr-79-T-17MAP, 8:05-cv-1067-T-17MAP, 2006 WL 1319415, *3 (M.D. Fla. May 12, 2006) (citing *United States v. Munoz-Realpe*, 21 F.3d 375, 377-78 (11th Cir. 1994), for the proposition that "[b]ecause Congress has provided this new definition, we think it is proper for us to look to the Guidelines in determining the meaning of 'cocaine base' in the mandatory minimum statute, especially since both provisions seek to address the same problem."). However, the Supreme Court of the United States recently held that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1) "means not just 'crack cocaine,' but cocaine in its chemically basic form." *DePierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225, 2237 (2011).

In this case, the jury found Petitioner guilty on count one of conspiring to distribute and possess with intent to distribute fifty grams or more of cocaine base and on count two of possession with intent to distribute fifty grams or more of cocaine base. (Crim. Case Doc. No. 106.) At trial, Elizabeth Adkins ("Adkins"), a forensic chemist, testified that the two most common forms of cocaine are cocaine hydrochloride, which is powder cocaine, and cocaine base, which is crack cocaine. (Crim. Case Doc. No. 165 at 124.) Adkins said that she analyzed the drugs recovered in Petitioner's case, and a portion of the drugs were cocaine base/crack cocaine weighing 76.3 grams, 2.6 grams, and .3 grams. *Id.* at 125-30.

10

A law enforcement agent also testified that some of the drugs found in the residence were cookies of crack cocaine.  *Id.* at 138, 142, 157, 162.  Petitioner, therefore, has not demonstrated that counsel was deficient for failing to object to the section 841 enhancement nor has he shown he was prejudiced as a result of counsel's failure to do so.  *See, e.g.,* *Burnett,* No. 8:01-cr-79-T-17MAP, 8:05-cv-1067-T-17MAP, 2006 WL 1319415, *3 (holding no prejudice resulted when evidence demonstrated that drugs were crack cocaine).

Finally, Petitioner has not established that counsel rendered ineffective assistance at sentencing by failing to present mitigation evidence, object to errors in the PSR, or request a lesser sentence.  Petitioner does not identify the purported errors in the PSR to which counsel should have objected.  Furthermore, counsel did object to the use of Petitioner's state conviction for possession of cocaine, which emanated from the same conduct as his federal convictions, and the Court sustained the objection.  Nevertheless, Petitioner was subject to minimum mandatory sentences under section 841.  *See* Crim. Case Doc. No. 221 at 15.  Thus, Petitioner has not demonstrated that a reasonable probability exists that he would have received a lesser sentence had counsel objected to the PSR, presented mitigating evidence at sentencing, or requested a lesser sentence.  In sum, Petitioner has not demonstrated that counsel rendered ineffective assistance at sentencing for any of the reasons asserted in his 2255 motion or his memorandum.  Accordingly, claims four and six are denied pursuant to *Strickland.*[3]

---

[3]To the extent Petitioner contends that he is entitled to resentencing based on the Fair Sentencing Act of 2010 ("FSA") or any amendment to the guidelines, this argument is unavailing. *See Dorsey v. United States,* ___ U.S. ___, 132 S. Ct. 2321 (2012) (holding that

E.    *Claim Five*

Petitioner asserts that the Government did not have jurisdiction to charge him because he was not on federal property at the time of the offenses. This claim lacks merit.

Petitioner was charged with criminal violations of federal law pursuant to 21 U.S.C. § 841 and 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States attorneys are vested with authority "to prosecute for all offenses against the United States[,]" 28 U.S.C. § 547, and district courts of the United States have original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "the federal courts are always open to entertain suits by the federal government on its own behalf." *Hickey v. Illinois Cent. R. R.,* 278 F.2d 529, 532 (7th Cir 1960). Thus, the Government had standing to prosecute Petitioner, and this Court had jurisdiction to convict him.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.    Petitioner's Amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 4) is **DENIED.**

---

the more lenient mandatory-minimums in the FSA apply to defendants sentenced after August 3, 2010); *see also United States v. Davis,* 587 F.3d 1300 (11th Cir. 2009) (holding that Amendment 706 to the Sentencing Guidelines, which applies retroactively, is not applicable when the defendant was responsible for more than 4.5 kilograms of cocaine base). Furthermore, the Court notes that counsel raised the matter of the disparity of the crack cocaine ratio to the powder cocaine ratio; however, Petitioner was sentenced to the mandatory minimum sentences as required by statute. (Crim. Case Doc. Nos. 115 & 221 at 11-18.)

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:07-cr-145-Orl-28DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Crim. Case Doc. No. 273) and the motion to vacate (Crim. Case Doc. No. 281) pending in that case.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this _3 1_ day of August, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 8/30
Counsel of Record
Edmon Jerome Burton

---

[4]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.